# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

CHRISTOPHER CHARLES EARLY          CIVIL ACTION NO. 09-2152
      LA. DOC #299387
VS.                                   SECTION P

                                        JUDGE WALTER

LOUISIANA DEPARTMENT OF
PUBLIC SAFETY & CORRECTIONS, ET AL.      MAGISTRATE JUDGE HAYES

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Christopher Charles Early, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on December 16, 2009. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He is incarcerated at the Madison Parish Detention Center, Tallulah, Louisiana.  Plaintiff claims that he has served his sentence, but he remains incarcerated because the LDOC miscalculated his sentence and release date.  He prays for his immediate release from custody and for damages in the amount of $100/day for every day served beyond his release date. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint, insofar as it seeks monetary damages pursuant to 42 U.S.C. §1983 be **DISMISSED WITH PREJUDICE** as frivolous until such time that plaintiff can demonstrate the allegedly erroneous miscalculation of his sentence has been reversed, expunged, or otherwise declared invalid.  It is further recommended that the complaint, insofar as it seeks *habeas corpus* relief and plaintiff's  immediate release from custody be **DISMISSED WITHOUT PREJUDICE** because plaintiff  did not exhaust available state court remedies prior

to filing his federal suit.

## Background

Plaintiff has provided no factual details in support of his claim. However, it is clear that he is an inmate in the custody of LDOC, and, that he is serving a hard labor sentence imposed by a Louisiana court following a felony conviction.  Plaintiff claims that he has already served his sentence, but the LDOC's miscalculation has resulted in his continued imprisonment.  He demands his immediate release and damages of $100 for each day that he has remained unlawfully imprisoned.

## Law and Analysis

### 1. Habeas Corpus – 28 U.S.C. §2254

Plaintiff demands his immediate release from custody.  That aspect of his pleading must be construed as a petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. §2254 since he is in custody pursuant to the judgment of a state court. Compare *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); see *Clarke v. Stalder*, 121 F.3d 222, 226 (5th Cir.1997), *reh'g en banc granted and opin. vacated*, 133 F.3d 940 (5th Cir.1997), *rev'd in part on other grounds and opin. reinstated in relevant part*, 154 F.3d 186, 187 (5th Cir.1998) (*en banc*); *Hernandez v. Spencer*, 780 F.2d 504, 504 (5th Cir.1986).  Venue for such an action would be appropriate in this Division since plaintiff is incarcerated at the Madison Parish Detention Center, Tallulah, Louisiana, which is located within the geographical confines of the Monroe Division of the Western District of Louisiana. See 28 U.S.C. §2241(d)( "Where an application for a writ of *habeas corpus* is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in

the district court for the district wherein such person is in custody or in the district court for the

district within which the State court was held which convicted and sentenced him." )

However,  before plaintiff  may proceed with his petition for *habeas corpus* in Federal

court, he must first exhaust all available state court remedies by fairly presenting the substance of

his federal constitutional claims to the Louisiana Supreme Court in a procedurally correct

manner. Title 28 U.S.C. §2254(b)(1) provides,

> (b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted unless it appears
> that–
>> (A) the applicant has exhausted the remedies available in the courts of the
>> State; or
>>
>> (B)(i) there is an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process ineffective to protect the
>> rights of the applicant.

"The exhaustion requirement 'is not jurisdictional, but reflects a policy of federal-state

comity designed to give the State an initial opportunity to pass upon and correct alleged

violations of its prisoners' federal rights.' " *Moore v. Quarterman*, 491 F.3d 213, 220 (5th

Cir.2007)(quoting  *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir.2003)).  To satisfy the

exhaustion requirement, the *habeas* petitioner must have fairly presented the substance of his

federal *habeas corpus* claims to the highest state court. *Vasquez v. Hillery*, 474 U.S. 254, 257-58,

106 S.Ct. 617, 88 L.Ed.2d 598 (1986); *Morris v. Dretke*, 413 F.3d 484, 491 (5th Cir.2005).  In

Louisiana, the highest court is the Louisiana Supreme Court, therefore, in order to satisfy the

statutory and jurisprudential requirement of exhaustion, a *habeas corpus* petitioner who seeks to

collaterally attack his Louisiana conviction – or in this case, his sentence calculation– must have

presented his claims in a procedurally correct manner to the Louisiana Supreme Court before

raising those claims in federal court. Under Louisiana law, an inmate contesting the computation

of his sentence must first exhaust the two-step administrative remedies procedures available to

all LDOC inmates; if aggrieved by the action of the Department, the inmate may then seek

judicial review in the Nineteenth Judicial District Court;  if still dissatisfied, he may invoke the

supervisory jurisdiction of the First Circuit Court of Appeals and then the Louisiana Supreme

Court.[1]

     The pleadings, exhibits, and the presumptively reliable published jurisprudence of the

State of Louisiana reveal that plaintiff  has not exhausted available State court remedies since

there are no published writ judgments of the Louisiana Supreme Court involving this plaintiff.

His failure to exhaust those state court remedies prior to filing the instant suit mandates dismissal

---

[1] Louisiana convicts who challenge the computation of their sentences, must first avail themselves of the administrative remedies established by Louisiana law. See La. R.S.15:1177(B) which authorized the establishment of administrative remedies procedures to allow prisoners the opportunity to submit grievances concerning, among other things,  "time computations." See also L.A.C. Title 22, Part I,  §325(B) which provides in part, "Corrections Services has established the administrative remedy procedure through which an inmate may seek formal review of a complaint which relates to any aspect of his incarceration ... Such complaints and grievances include, but are not limited to any and all claims seeking monetary, injunctive, declaratory, or any other form of relief authorized by law and by way of illustration includes actions pertaining to ... time computations..." The process involved is a two step process which concludes only after the Secretary of the Department has denied relief. L.A.C. Title 22, Part I, §325(G).

Having first exhausted these administrative remedies, aggrieved inmates "... may ... seek judicial review of the decision only in the Nineteenth Judicial District Court ..." See La. R.S.15:1177(A). See also La. R.S.15:571.15 which provides, "Venue in any action in which an individual committed to the Department of Public Safety and Corrections contests the computation of his sentence or sentences, discharge, good time dates, or any action concerning parole shall be in the parish of East Baton Rouge..." Pursuant to La. R.S. § 15:1177A(10), the inmate can appeal the decisions of the district court to the "appropriate court of appeal," which would be the Louisiana First Circuit Court of Appeal. La. R.S. § 13:312(1). To complete the process, Louisiana law would allow him to seek supervisory review in the Louisiana Supreme Court. La. C.C.P. art. 2201; La. C.Cr.P. art. 922.

Thus, exhaustion of remedies occurs only after an aggrieved prisoner has submitted his claims in a procedurally correct manner to the Louisiana Supreme Court and that court has denied relief.

of his complaint insofar as he seeks *habeas corpus* relief.

**2. Civil Rights**

That does not end the inquiry, however, since, in addition to his immediate release from custody,  plaintiff also seeks monetary relief.

**A. Screening**

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983,  the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2).  *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact.  *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if  it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits  alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given

broad discretion in determining when such complaints are frivolous.  *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).  Federal courts, with regard to prisoner suits filed *in forma pauperis*, are authorized "... to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Furthermore, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's original complaint, while short on facts, is sufficient for the purposes of this initial review.  Based on the information supplied thus far, it appears that plaintiff's claim falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) and "is legally frivolous unless the ... sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir.1996).

### B. <u>Heck v. Humphrey</u> *Considerations*

In *Heck* v. *Humphrey*, the United States Supreme Court held that in order to recover monetary compensation for an allegedly unconstitutional conviction or sentence or for "harm caused by actions whose unlawfulness would render a ... sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order,

declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*." *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372 (1994). (*Heck* involved a civil rights claim brought by a state prisoner. Since a judgment in favor of the plaintiff would have called into question the legality of his conviction and confinement, the Court dismissed the Section 1983 suit until the plaintiff could demonstrate that the allegedly unlawful conviction or sentence had been invalidated.)

Thus, pursuant to *Heck*, courts must consider "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his ... sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the ... sentence has already been invalidated." *Id.* at 487.  Put another way, if success in a " ... § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal *habeas*, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004) (*per curiam*).

A favorable judgment here would call into question the validity of the sentence computation that has been made by the LDOC. Therefore, before plaintiff can proceed, he must prove that the allegedly erroneous calculation of his sentence "...has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*." *Heck*, 512 U.S. at 486-87, 114 S.Ct. at 2372, 129 L.Ed.2d at 394.  He has not met this precondition and his complaint must be dismissed with prejudice as frivolous until such time that he can demonstrate that the LDOC's calculation of his sentence has been invalidated. See

*Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir.1996); *Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994) ("Dismissal of the §1983 action under 28 U.S.C. § 1915(d) is appropriate, post- *Heck*, because the plaintiff's action has been shown to be legally frivolous.")

### *3. Conclusion and Recommendation*

Therefore, for the foregoing reasons,

**IT IS RECOMMENDED** that the complaint, insofar as it seeks monetary relief pursuant to 42 U.S.C. §1983 be **DISMISSED WITH PREJUDICE** as frivolous until such time that plaintiff  can demonstrate that the allegedly erroneous sentence computation has been reversed, expunged, called into question, or otherwise invalidated; and,

**IT IS FURTHER RECOMMENDED** that the complaint, insofar as it seeks *habeas corpus* relief pursuant to 28 U.S.C. §2254 be **DISMISSED WITHOUT PREJUDICE** because plaintiff did not exhaust available state court remedies prior to filing his federal suit.

_____Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**

*See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

_____In Chambers, Monroe, Louisiana, February 17, 2010.


KAREN L. HAYES
U. S. MAGISTRATE JUDGE

9